UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WENDY WAMSLEY,<br><br>             Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | No. SA CV 14-01570-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

    Plaintiff raises the following issues:

    1.    Whether the Administrative Law Judge ("ALJ") gave proper

1          consideration to the opinions of the treating physician; and
2     2.   Whether the ALJ gave proper consideration to Plaintiff's
3          testimony.
(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

I

**THE ALJ DID NOT PROPERLY DEPRECIATE**

**THE FUNCTIONAL OPINION OF TREATING PHYSICIAN TRINH**

This case has a lengthy procedural history, having gone through an initial hearing before an ALJ in 2011 (AR 60-92); an unfavorable Decision issued on June 13, 2011 (AR 99-114), which was vacated by the Appeals Council on a request for review on September 20, 2012 (AR 116-118); and then a second hearing before a new ALJ which occurred on March 5, 2013 (AR 35-59), resulting in another unfavorable Decision issued on May 9, 2013 (AR 16-34). It is that latter Decision, which became the final Decision of the Commissioner, that is the subject of this litigation.

The main issue in this litigation concerns whether the functional limitations assessed by Plaintiff's treating rheumatologist, Dr. Trinh, were improperly depreciated or discounted by the ALJ who conducted the second hearing. That ALJ did find that Plaintiff suffers from medically determinable severe impairments which consist of fibromyalgia; chronic fatigue syndrome; degenerative disc disease of

the lumber spine. (AR 22.) It was determined that the severe impairments did not meet or equal any Listing, which is not challenged here. The ALJ assessed Plaintiff as retaining the residual functional capacity ("RFC") to perform light work with certain defined restrictions. (See AR at 23.) Plaintiff lacked any past relevant work. (AR 27.) The ALJ accepted the testimony provided by a Vocational Expert ("VE") that, considering Plaintiff's characteristics and the hypothetically posed functional limitations, she could perform the work of an office helper and sales attendant. (AR 27,) Based on that, the ALJ concluded at Step Five that Plaintiff did not suffer from a disability between June 1, 2007 and the date of the Decision (AR 28).

The ALJ summarized and relied upon numerous medical examinations and diagnostic opinions which are contained in the record. First, there are the findings and opinions of Dr. To (AR 24, 404-410), who conducted an internal medicine consultative examination ("CE") on February 28, 2010 (Id.). As will be discussed infra, Dr. To is not a rheumatologist, did not apparently perform an examination focusing on Plaintiff's fibromyalgia, and does not appear to be even board certified in internal medicine.[1] Nevertheless, Dr. To diagnosed the presence of back pain, fibromyalgia and depression. (AR 408), but also concluded that Plaintiff had the ability to perform work. (AR 408.)

Plaintiff's treating physician, Dr. Trinh, saw her twice in 2010, then in 2011, and in 2012, and Dr. Trinh's findings are summarized by the ALJ at AR 24-25. Citing in particular the 2012 conclusions rendered by Dr. Trinh, the ALJ noted that Plaintiff could sit for less than 30 minutes continuously; four hours in an eight-hour day, stand

---

[1]   Dr. To represented himself as "board eligible." (AR 409.)

1  and walk less than 30 minutes continuously and less than two hours in
2  an eight-hour day; and had a total daily work capacity of about two
3  hours. Other exertional and non-exertional limitations are summarized
4  from Dr. Trinh's examinations and conclusions in this 2012 report.
5  (See AR at 24-25.) Essentially, Dr. Trinh concluded that Plaintiff
6  would be able to perform a narrow range of part-time work activities.
7  (AR 581.) Dr. Trinh did assess that Plaintiff's fibromyalgia/myositis/
8  myalgia were the contributing causes of her functional limitations.
9  (AR 593.) Dr. Trinh referred Plaintiff to pain management, and
10 Plaintiff received a consultation from Dr. Kwok (AR 834), who assessed
11 fibromyalgia/ myofacial pain syndrome as a primary diagnosis, in
12 addition to other disorders including depression and chronic pain. (AR
13 836.) After some treatment, Dr. Kwok concluded that the pain from
14 which Plaintiff suffered arose from her fibromyalgia, and his
15 assessment of this condition as the primary diagnosis continued
16 through June 2013. (AR 965.)

   The ALJ gave the greatest weight to the opinions of Dr. To with
18 regard to physical impairments. (AR 24.) He gave "little weight" to
19 the opinions of Dr. Trinh, finding them to be "overly restrictive and
20 unsupported by objective evidence." (AR 25.)

   It is well recognized both by regulation and Ninth Circuit case
22 law that a treating physician's opinion should generally receive
23 greater consideration than that of a one time consultative examiner.
24 While that opinion is not necessarily conclusive, in the event there
25 are conflicting opinions, as in this case, the ALJ's obligation is to
26 make findings that incorporate specific and legitimate reasons based
27 on substantial evidence in the record to reject the conclusions of the
28 treating physician. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th

Cir. 2002).

The Court must thus review the reasons the ALJ gave to reject Dr. Trinh's opinion. First, as noted, he found them to be overly restrictive. This apparently is based on the ALJ's conclusion that Dr. Trinh's assessment "is not consistent with the objective evidence." (AR 25.) These types of general statements are highly disfavored, in that without specific references, the Court cannot assess if they constitute specific and legitimate reasons. Here, the ALJ determined to accept Dr. To's assessment, finding it "more consistent with substantial evidence and is supported by the objective evidence." (AR 25.) This is the same type of analysis which hardly lends itself to judicial review. The Commissioner, however, argues that Dr. Trinh's opinions do not constitute functional limitations, but rather opinions on the ultimate issue of disability, because she opined that Plaintiff was not capable of full time work. This is at best a hyper-technical distinction, in that, first, Dr. Trinh did assess functional limitations, which the ALJ quoted, and second, a limitation to part time work incorporates, at least implicitly, a functional assessment that an individual is not capable of the specific exertional demands of full time work. Looking further into the issue, however, the ALJ appeared to determine that Dr. Trinh's assessed limitations were not supported by her own treatment notes regarding sit/stand/walk limitations. (AR 25, 569.) But this ignores the 2012 findings, which the ALJ did quote, which do identify specific functional limitations. (See AR at 581-582.)

As to whether Dr. Trinh's analytical conclusions are consistent with other medical evidence in the record, the Court cannot find that the ALJ cited specific and legitimate reasons to so conclude. Indeed,

as Plaintiff's counsel points out, and the Commissioner does not dispute, the record contains over 160 references to Plaintiff suffering from fatigue, but only one "negative" for this factor. (See JS at 18, and AR at 460.) Further, Plaintiff has received various prescription medications for extreme pain and has received treatment for chronic pain, which resulted in a referral to a pain management doctor. (AR 996.) Moreover, the ALJ's greater reliance on the conclusions of an internal medicine, non-board certified examining doctor as against the conclusions of a treating rheumatologist goes against the instructions provided in the regulations that more weight is given to the opinion of a specialist about medical issues related to the area of specialization than to a source who is not a specialist. It is certainly clear that a rheumatologist is specialized in the area of fibromyalgia, while an internal medicine doctor cannot make that claim, and in any event, as noted, Dr. To did not purport to examine Plaintiff with regard to fibromyalgia issues.

The ALJ also found that Plaintiff's fibromyalgia responded favorably to treatment, and the Commissioner echoes that finding as being one of the specific and legitimate reasons cited in the Decision. But this is a misreading of the record, in that the ALJ's reliance on the neurological examination of Dr. Dembner, who performed a neurological evaluation of Plaintiff in May 2012 regarding complaints of low back pain and left lower extremity pain (AR 25, 970-972), does not amount to evidence demonstrating that Plaintiff's fibromyalgia did respond favorably to treatment. In any event, while some of Plaintiff's back pain appeared to resolve with therapy in December 2012, she was still referred to pain management for diffuse body pain in June 2013. (AR 841, 996.) As to the Commissioner's

6

notation that Dr. Lew found no joint swelling or muscle weakness (JS at 19, citing AR 776), that would appear to be a notation made by a nurse practitioner, not by Dr. Lew, and there is no indication that Dr. Lew agreed with or provided that diagnosis. (AR 775.) Indeed, Plaintiff went to that same clinic which later noted chronic problems with pain and fibromyalgia. (AR 771; 768; 766; 762.) Essentially, Dr. Dembner examined Plaintiff for neurologic causes of pain and limitations, not rheumatologic causation. (AR 810-812).

Based on the foregoing, the Court finds that the ALJ did not provide specific and legitimate reasons to discount the functional limitations provided by treating rheumatologist Dr. Trinh. While the Court will not require those opinions to be credited as true on remand, it will expect that they may only be rejected based on the clear requirement of an articulation of specific and legitimate reasons.

The Court will not devote substantial attention to Plaintiff's second issue, which concerns the ALJ's depreciation of her credibility as to subjective symptom testimony, since that must be evaluated <u>de novo</u> on remand. The Court will, however, provide some guidance. First, since the Court has rejected the ALJ's depreciation of Dr. Trinh's opinion based on a lack of specific and legitimate reasons, on remand, Plaintiff's credibility must be evaluated in light of the interpretation to be provided to Dr. Trinh's opinions according to regulation and case law. Further, on remand, careful consideration should be given to the Commissioner's conclusions and expectations with regard to the issue of fibromyalgia, as set forth in SSR 12-2p. Finally, with regard to evaluation of credibility, the Court would look with disfavor upon any evaluation that would rely upon a

purported inconsistency between Plaintiff's subjective symptom testimony and the conclusions of physicians who are not qualified to render opinions with regard to fibromyalgia and chronic fatigue.

For the foregoing reasons, this matter is remanded for a <u>de novo</u> hearing consistent with the dictates of this Memorandum Opinion.

**IT IS SO ORDERED**.

DATED: June 1, 2015                           /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

8